UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jose A. Marquez, III,<br>Plaintiff,<br><br>v.<br><br>Winn Management Group, LLC and<br>International Union of Operating Engineers Local 465,<br>Defendants. | CASE NO: 9:23-cv-05045-RMG-MHC<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on basis of racial discrimination was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the U.S. Equal Employment Opportunity Commission ("EEOC") on or about July 11, 2023.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff, Jose A. Marquez, III, is a citizen and resident of the State of South Carolina, and resides in Beaufort County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Winn Management Group, LLC, upon information and belief, upon information and belief, is a foreign corporation organized in the State of Massachusetts and operating in South Carolina.

6. Defendant, International Union of Operating Engineers Local 465, upon information and belief, is the local chapter of the International Union of Operating Engineers organized in the State of North Carolina and operating under the laws of the State of South Carolina in Beaufort County.

7.  Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8.  Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9.  Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

11. On or about February 10, 2020, the Plaintiff, a Hispanic/African American, began working for the Defendant as a general maintenance tech. At all times, the Plaintiff was efficient and effective in his job.

12. Beginning in or about June 2021, Plaintiff noticed that Caucasian applicants with less education, training, and time on the job were always approved for management positions while anyone of color was immediately denied. Plaintiff reported the matter several times, but nothing was done.

13. On or about June 19, 2021, Plaintiff applied for an open position of Field Supervisor, as he was already completing the duties of the field supervisor without the title or pay.

14. The Plaintiff was notified that a Caucasian employee, Rebecca Young, that had substantially less education, experience, and time on the job than him, got the promotion to field supervisor.

15. Rebecca Young resigned her position days later. Plaintiff again inquired into the position but was again denied as Defendant rehired Rebecca Young.

16. Defendant tests its employees in certification tests or aptitude tests on a regular basis, in order to determine pay raises and promotions.

17. Defendant declined to offer or provide the certification tests or aptitude tests to Plaintiff, but regularly tested his Caucasian coworkers, or simply provided pay raises or promotions to Caucasian workers without them.

18. Plaintiff was told he was not eligible for a pay raise without pursing the certification or aptitude tests even though they provided pay raises or promotions to Caucasian employees that did not take the tests or failed them.

19. When Plaintiff asked why he was overlooked, the Plaintiff was told that he was accused of being "aggressive" even though he had never been written up or receive any other disciplinary actions. Plaintiff was told that he could and would get tested for certifications, but he never did even though other Caucasian employees continued to be tested for certifications.

20. The Plaintiff is therefore informed and believes he was denied a promotion due to his race. Any stated reasons for promoting other less qualified Caucasian employees over Plaintiff are merely pretextual in nature.

## FOR A FIRST CAUSE OF ACTION
### Racial Discrimination/ Failure to Promote - Title VII

21. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

22. Plaintiff is a member of a protected group on the basis of his race.

23. Defendants were wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to promote the Plaintiff in favor of a less qualified Caucasian employee;

   b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff;

   c. In demonstrating a pattern of discriminatory treatment toward Hispanic/African American employees by not promoting those who were in a protected class; and

   d. In other particulars which discovery may show.

24. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendants acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e *et. seq.*) and the Equal Employment Opportunity Act.

25. The Defendants violated Title VII of Civil Rights Act of 1964 (42 U.S.C. §2000e *et. seq.*) and the Equal Employment Opportunity Act by allowing racial discrimination and preferential treatment to exist in the workplace.

26. Due to the acts of the Defendants, their agents and employees, the Plaintiff is entitled to injunctive relief and civil damages.

## REQUEST FOR RELIEF

27. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

28.  Due to the acts of the Defendants, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

29. That by reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendants for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Judgment in favor of the Plaintiff and against the Defendants for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

3. Prejudgment interest, costs and attorney's fees as may be allowed by law;

4. Judgment in favor of the Plaintiff and against Defendants for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

5. Judgment against Defendants, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

 s/ *Michael A. Brooks*
Michael A. Brooks (Fed. I.D. #14005)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
October 9, 2023

4