# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### BEAUFORT DIVISION

| | |
|---|---|
| Jose A. Marquez, III, | Case No. 9:23-cv-05045-RMG |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| Winn Management Group, LLC, | |
| Defendant. | |

This employment discrimination case is before the Court on the Magistrate Judge's Report and Recommendation ("R & R"), recommending the Court deny Defendant's motion to dismiss (Dkt. No. 20). Defendant did not file objections to the R & R.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Ace. Ins. Co.*, 416 F.3d 310,315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as is the case here, where no objections are made, this Court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

1

The Court has carefully reviewed the R & R and the record in his matter and finds that the Magistrate Judge correctly concluded that Defendant's motion to dismiss should be denied. In its motion to dismiss, Defendant argued that Plaintiff failed to exhaust his administrative remedies because he failed to file his Charge of Discrimination within 300 days of the alleged discriminatory conduct. To support its argument, Defendant attached a Charge Discrimination that was dated more than 300 days after the alleged discriminatory conduct. Plaintiff in response argued that he timely filed his charge and attached a Charge Discrimination that dated within 300 days of the alleged discriminatory conduct along with correspondence between Plaintiff's counsel and an employee from the EEOC that suggests the timeliness of Plaintiff's Charge. The Magistrate Judge correctly found that Defendant's exhaustion defense cannot be resolved at this time. The Court agrees that Defendant may be able to show, after discovery, that Plaintiff's discrimination claim falls outside of the 300-day limitation period, but that it is improper to resolve the issue on a 12(b)(6) motion because Plaintiff has plausible pled exhaustion. Accordingly, the Court **ADOPTS** the R & R (Dkt. No. 20) as the order of the Court and **DENIES** Defendant's motion to dismiss (Dkt. No. 11).

ANDI IT IS SO ORDERED.

                                                      _s/Richard Mark Gergel_
Richard Mark Gergel
United States District Judge

March 22, 2024
Charleston, South Carolina